UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BALLY TOTAL FITNESS HOLDING CORP.
LIFETIME MEMBERSHIP AGREEMENT CONTRACT
LITIGATION                                                                                          MDL No. 2369

ORDER DENYING TRANSFER

**Before the Panel**: Pursuant to 28 U.S.C. § 1407, plaintiffs in two actions move for centralization of this litigation in the Northern District of Illinois. This litigation currently consists of three actions pending in three districts, as listed on Schedule A.[1] Defendant LA Fitness International, LLC (LA Fitness) supports centralization in the Northern District of Illinois. Defendant Bally Total Fitness Holding Corporation (Bally) opposes centralization.

On the basis of the papers filed and the hearing session held, we will deny the motion for centralization. Although the three actions share some factual issues regarding whether Bally lifetime membership agreements were breached by defendants after LA Fitness acquired numerous Bally clubs in late 2011, we are unconvinced, on the record before us, that those issues are sufficiently complex or numerous to warrant the creation of an MDL. Given that apparent lack of complexity, the small number of involved actions, and the correspondingly limited number of involved counsel, we conclude that centralization would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the actions. In these circumstances, informal cooperation among counsel and coordination among the involved courts are, in our judgment, preferable to formal centralization. Various mechanisms are available to minimize or eliminate the possibility of duplicative discovery even without an MDL. Notices of deposition can be filed in all related actions; the parties can stipulate that any discovery relevant to more than one action can be used in all those actions; or the involved courts may direct the parties to coordinate their pretrial activities. *See In re Crest Sensitivity Treatment and Prot. Toothpaste Mktg. and Sales Practices Litig.*, — F. Supp. 2d —, 2012 WL 2175780, at *1 (J.P.M.L. June 11, 2012).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

---

[1] At oral argument, the parties notified the Panel of one additional related action in the District of New Jersey.

-2-

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

IN RE: BALLY TOTAL FITNESS HOLDING CORP.
LIFETIME MEMBERSHIP AGREEMENT CONTRACT
LITIGATION                                                                  MDL No. 2369

## SCHEDULE A

<u>Central District of California</u>

Eugene Fridman, et al. v. Bally Total Fitness Holding Corp., et al., C.A. No. 2:12-00707

<u>Northern District of Illinois</u>

Jennifer Grabianski, et al. v. Bally Total Fitness Holding Corp., et al., C.A. No. 1:12-00284

<u>Eastern District of Pennsylvania</u>

Blaise Tobia, et al. v. Bally Total Fitness Holding Corp., et al., C.A. No. 2:12-01198